**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ.  #004612
Email: tod@schleierlaw.com
BRADLEY H. SCHLEIER, ESQ.  #011696
Email: brad@schleierlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Mitchell Head, a married man, | Case No. CIV |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| Interpublic Group of Companies, Inc., a Delaware corporation, Golin/Harris International, Inc., a Virginia corporation, | |
| Defendants. | |

    Plaintiff, by and through counsel, for his Complaint against Defendants, alleges:

**JURISDICTION, VENUE AND PARTIES**

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. Plaintiff Mitchell Head is a married man who resides in Coconino County, Arizona.

3. Defendant Interpublic Group of Companies, Inc. [hereinafter "IPG"] is a Delaware corporation with a principal place of business in New York.

4. Defendant Golin/Harris International, Inc. is a Virginia Corporation with a principal place of business in Illinois. In later 2014, Golin/Harris International, Inc. started doing business as Golin. Defendant Golin/Harris International, Inc. will hereinafter be referred to as Golin.

5. Venue is proper in this court because the Defendants caused the events that give rise to this action to occur in Coconino County, *i.e.*, breach of contract, breach of the covenant of good faith and fair dealing and violation of A.R.S. §23-350 *et seq*.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Defendant Golin is an industry leading public relations firm.

7. Defendant IPG is a holding company for advertising, marketing, and public relations firms including Golin. Defendant Golin is a wholly owned subsidiary and operating unit of Defendant IPG.

8. Defendant IPG jointly employs Plaintiff with Defendant Golin. Defendant IPG provides payroll, human resources/benefits policies, and other support to Defendant Golin and its employees.

9. Plaintiff Head was employed by Defendant Golin starting on January 1, 2000.

10. Plaintiff Head was a senior, long-term, loyal employee of Golin who has suffered medical conditions for many years. Several of Golin's top executives were well aware of his conditions.

11. In 2014, Plaintiff Head's health conditions worsened.

12. Based on those continuing issues, Plaintiff Head applied for and was approved for Short Term Disability (STD) as of August 14, 2014 under the IPG Salary Continuation Program ["the Program"]. The Program was an employee benefit provided to Plaintiff Head.

13. The Salary Continuation Program provides short term continuation of some percentage of eligible Employee's Weekly Earnings if he becomes Disabled from a covered accident, sickness, or pregnancy.

14. Plaintiff Head's qualification for STD was validated by Interpublic's STD Administrator, The Hartford.

15. Per the terms of the Program, an employee like Plaintiff Head with 10 or more years of service was to receive "100% of [his] pre-disability earnings for the first 13 weeks of disability, then 50% of [his]r pre-disability earnings for the next 13 weeks of disability."

16. Per the terms of the Program, "Pre-Disability earnings means your regular weekly rate of pay ….in effect on the last day you were actively at work before you become disabled".

17. Per the terms of the Program, Plaintiff Head did receive 100% of his pre-disability earnings in August.

18. Golin chose to reduce Plaintiff Head's STD payments by nearly half, beginning on September 1, 2014 and continuing the reduced payment through until February 14, 2015 when Plaintiff Head qualified for long term disability.

19. After he became aware of the reduction, Plaintiff contacted Golin's Director of Human Resources and other employees about the reduction in his benefits and violation of the Plan on September 14, 2014.

20. However, Head's claim/appeal for a correction in the payments was either ignored or rejected with some Golin executives claiming ignorance of the clear language of the plan.

21. Plaintiff Head even reached out to the STD claims representative at The Hartford who told him that he was qualified for the full STD benefits, and that The Hartford had informed Golin of that fact, but that all STD payments were controlled by Golin.

22. Plaintiff continued on STD during the entire six month timeframe allowed under the Program.

23. The total amount of wages underpaid to Plaintiff Head during this period is $40,493.33, plus the 5% matching fees ($2,024.66) Interpublic would have contributed to Plaintiff Head's 401K during that period. This leads to a total of wages due to Plaintiff of $42,517.99.

## COUNT ONE

## (BREACH OF CONTRACT)

24. By reference hereto, Plaintiff hereby incorporates the allegations of preceding paragraphs as if fully set forth herein.

25. Defendants have breached the terms of the Program by failing to pay Plaintiff the correct benefits under the program.

26. As a direct and proximate result of Defendants' breach of contract, Plaintiff has been damaged in the form of the unpaid salary continuation under the Program in the amount of $42,517.99.

27. This matter arises out of a contract, express or implied, and Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

## COUNT TWO

## (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

28. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

29. Implied in all employment relationships is a covenant that an employer will not deprive, in bad faith, an employee of benefits earned.

30. By failing to pay Plaintiff the appropriate salary under the terms of the Program, Defendants have deprived Plaintiff, in bad faith, of the benefits he had earned under his Employment Agreement.

31. As a direct and proximate result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in the form of unpaid salary under the Program in the amount of $42,517.99.

32. This matter arises out of an express or implied contract and Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

## COUNT THREE

### (VIOLATION OF A.R.S. § 23-350, *et. seq*.)

33. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs as if fully set forth herein.

34. A.R.S. § 23-350(5) defines wages as "nondiscretionary compensation due an employee in the return for labor or services rendered by an employee for which the employee has a reasonable expectation to be paid whether by a time, task, piece, commission, or other method of calculation.  Wages include sick pay, vacation pay, severance pay, commissions, bonuses and other amounts promised when the employer has a policy or practice of making such payments."

35. Defendants, without a good faith dispute, failed to pay Plaintiff the salary continuation due him under the Program as required by A.R.S. § 23-353.

36. As a direct and proximate result of Defendants' failure to pay the salary continuation due under the program which constitutes wages, Plaintiff has incurred damages in the amount of $42,517.99.

37. Defendants' failure to pay the monies owed was done without a good faith dispute as to Plaintiff's entitlement to said monies and Plaintiff is entitled to treble damages pursuant to A.R.S. § 23-350 *et seq.* in an amount no less than $127,553.97.

WHEREFORE, Plaintiff demands Judgment against each Defendant, jointly and severally, as follows

1. For Plaintiff's unpaid salary continuation due under the Program in an amount to be proven at trial;

2. For attorneys' fees incurred pursuant to the provisions of A.R.S. § 12-341.01;

3. For treble damages in accordance with A.R.S. § 23-355;

4. For costs of suit; and

5. For any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 21st day May, 2015.

SCHLEIER LAW OFFICES, P.C.

/s/ Bradley H. Schleier
Attorney for Plaintiff